IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOSHIBA CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 3:04-CV-2391-L |
| | § | |
| **HYNIX SEMICONDUCTOR, INC., HYNIX** | § | |
| **SEMICONDUCTOR AMERICA, INC.,** | § | |
| **HYNIX SEMICONDUCTOR** | § | |
| **MANUFACTURING AMERICA, INC.,** | § | |
| **MILLENIUM SALES, INC., and NOVA** | § | |
| **MARKETING, LTD.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion by Defendants Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., and Hynix Semiconductor Manufacturing America, Inc. to Transfer this Action to the Northern District of California Pursuant to 28 U.S.C. § 1404(a), filed December 13, 2004. After careful consideration of the motion, response, reply, supplemental briefing, evidence submitted in the appendices, record, and applicable authorities, the court **grants** the Motion by Defendants Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., and Hynix Semiconductor Manufacturing America, Inc. to Transfer this Action to the Northern District of California Pursuant to 28 U.S.C. § 1404(a). Further, the court **severs** Toshiba Corporation's claims against the nonmoving defendants, Millenium Sales, Inc. and Nova Marketing, Ltd., and **stays** this action pending the adjudication in the Northern District of California of the transferred action.[1]

---

[1] This Memorandum Opinion and Order is issued in conjunction with Judge Boyle's Memorandum Opinion and Order in 3:04-CV-2392-B regarding the same Motion to Transfer Venue in that case. To the extent it is applicable, the Court incorporates Judge Boyle's reasoning.

**Memorandum Opinion and Order - Page 1**

I.      **Factual and Procedural Background**

This is a patent infringement action by Plaintiff Toshiba Corporation ("Plaintiff" or "Toshiba"), a Japanese corporation with its principal place of business in Japan, against Defendants Hynix Semiconductor, Inc. ("HSI"), Hynix Semiconductor America, Inc. ("HSA"), and Hynix Semiconductor Manufacturing America, Inc. ("HSMA") (sometimes collectively referred to as the "Hynix Defendants"), manufacturers of the allegedly infringing products.   HSI is a Korean corporation with its principal place of business in Korea;  HSA, a wholly owned subsidiary of HSI, is a California corporation with its principal place of business in San Jose, California; and HSMA is a California corporation with its principal place of business in Oregon.  The Hynix Defendants are in the business of developing, designing and manufacturing, among other things, computer memory technology.  Toshiba also joined as Defendants Millenium Sales, Inc. ("Millenium") and Nova Marketing, Ltd. ("Nova"), independent sales representatives for manufacturers of electronic products, such as the Hynix Defendants.  Millenium  is a Texas corporation with its principal place of business in Richardson, Texas; Nova is a Texas limited partnership with its principal place of business in Richardson, Texas.

Specifically, on November 8, 2004, Toshiba filed this lawsuit alleging that the Hynix Defendants, Millenium and Nova infringed Toshiba's U.S. Patent Numbers 5,880,994 (the "994 patent"), 6,342,715 (the "715 patent"), 6,424,588 (the "588 patent"), and 5,297,029 (the "029 patent") by making, using, offering for sale and/or selling within the United States devices that embody the inventions disclosed and claimed in the four patents and/or by importing such products into the United States.  Simply stated, these four patents involve a subset of semiconductor memory

_____

devices, called NAND Flash memory devices, typically found in digital cameras, personal digital assistants, and portable music players.  On January 18, 2005, the Hynix Defendants filed an answer and a counterclaim seeking a declaration of non-infringement and/or invalidity of the four patents.

Also on November 8, 2004, Toshiba filed a separate patent infringement case in this district against the Hynix Defendants, Millenium and Nova, alleging infringement of Toshiba's U.S. Patent Numbers 5,144,579, 5,084,842, and 5,689,461.   These three patents also concern a subset of semiconductor memory devices, called dynamic random access memory ("DRAM") devices.  *See Toshiba Corp. v. Hynix Semiconductor, Inc., et al.*, Civil Action 3:04-CV-2392-B (the "2392 action").   On January 18, 2005, the Hynix Defendants filed an answer and a counterclaim seeking a declaration of non-infringement and/or invalidity of the three patents.

In addition to filing the two patent infringement actions in this district, on November 8, 2004, Toshiba filed a complaint in the Northern District of California against Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc., seeking a judgment of non-infringement and/or invalidity of eleven of the Hynix Defendants' patents relating to semiconductor manufacturing.  *See Toshiba Corp. v. Hynix Semiconductor, Inc., et al.*, United States District Court for the Northern District of California, Civil Action No. C04-04708-JCS (the "California action").   In the California action, Hynix has counterclaimed against Toshiba and several Toshiba-related entities for patent infringement related to Toshiba DRAM and Flash memory devices.

On December 13, 2004, the Hynix Defendants filed a motion to transfer this action (as well as a separate motion to transfer venue in the 2392 action), to the Northern District of California

pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses in this case, and in the interest of justice.[2]

On July 15, 2005, in the 2392 action, the Hynix Defendants filed a motion for leave to amend their pleadings to assert a counterclaim against Toshiba and Toshiba-related entities based on U.S. Patent No. 5,200,030 (the "030 patent").[3]  Toshiba responded by filing a second declaratory judgment action in the Northern District of California for non-infringement and/or invalidity of the '030 patent against Hynix Semiconductor, Inc.

## II.     Analysis

### A.     Applicable Legal Standard for a Section 1404(a) Transfer

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)).

---

[2]Although the Hynix Defendants filed their venue transfer motion on December 13, 2004, the parties to this dispute sought, and received, three stays of this action while they attempted to settle the dispute.  The third, and final stay, permitted by the court expired on August 8, 2005, after which the court took up the motion to transfer venue.

[3]Pursuant to the scheduling order issued by the court in the 2392 action, July 15, 2005 was the deadline for amending pleadings and adding parties.  In light of the parties' attempts to settle this action, and the three stays of this action requested by the parties and granted by the court, as well as the pending venue transfer motion, the court has not issued a scheduling order in this case.

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering: "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).   The moving party bears the burden of demonstrating that a change of venue is warranted.   *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum.   A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative."   *In re Horseshoe Entm't*, 337 F.3d at 434.   Where the plaintiff brings suit outside its home district, or where most of the operative facts occurred outside the district, plaintiff's choice of forum has reduced significance and is given less weight.   *See Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684 at *1 (N.D. Tex. May 23, 2003) (and cases cited therein) (Fish, J.); *Whistler v. PNI Corp.*, 2003 WL 22939214 at *2 (N.D. Tex. Dec. 3, 2005) (and cases cited therein) (Fish, J.).   Once an initial determination is made that the judicial district to which transfer is sought would have been a district in which the claim could have been filed, a district court:

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice."  The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight.  The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost

**Memorandum Opinion and Order - Page 5**

of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

The court will first address the threshold issue of whether the judicial district to which transfer is sought qualifies as a judicial district where the civil action "might have been brought."

### B.      District in Which Action "Might Have Been Brought"

The first issue the court must address in ruling on the Hynix Defendants' venue transfer motion is whether the Northern District of California qualifies under the applicable venue statutes as a judicial district where the civil action "might have been brought."  In addition to the general statutory provisions regarding venue under 28 U.S.C. § 1391, Congress has adopted a special venue statute for patent litigation which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established business." 28 U.S.C. § 1400(b).[4]     It is undisputed that this action might have been brought in the Northern District of California against the Hynix Defendants.  The parties, however, dispute whether this action might have been brought against Nova and Millenium in the Northern District of California.  The Hynix Defendants contend that, notwithstanding that Nova and Millenium reside in Texas for purposes of the venue statute and have no contacts with the Northern District of California, the action might have been brought in the

---

[4]A corporate defendant "resides," and therefore may be sued for patent infringement, in any district in which it is subject to personal jurisdiction. *See V.E. Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed. Cir. 1990); 28 U.S.C. § 1391(c).

**Memorandum Opinion and Order - Page 6**

Northern District of California against Nova and Millenium since (i) Nova and Millenium have consented to being sued in the transferee court and (ii) Nova and Millenium signed arbitration agreements with an operating group of an HSA-predecessor containing forum selection clauses requiring arbitration of any disputed in San Jose, California.  *See* Hynix Def. Mot. to Transfer at 10-11.  Alternatively, the Hynix Defendants contend that, even were the court to determine that the transferee court is not a court where the action might have been brought as against Millenium and Nova, the court should sever Toshiba's claims against Millenium and Nova, and transfer Toshiba's remaining claims against the Hynix Defendants to the Northern District of California under 28 U.S.C. § 1404(a).  *See* Hynix Def. Supp. Brief in Support of Mot. to Transfer at 5; Hynix Def. Reply at 9.  In opposition, Toshiba contends that the Hynix Defendants have failed to meet their burden of showing that the suit might have been brought against Millenium and Nova in the requested transferee court and that this court should therefore deny the Hynix Defendants' motion to transfer venue.  *See* Toshiba Resp. at 10-11.

The court agrees with Toshiba that this is not an action which might have been brought in the Northern District of California against Defendants Millenium and Nova, since neither party resided or maintained a regular or established place of business in that jurisdiction.[5]  As Toshiba properly argues, the Hynix Defendants' arguments to the contrary are unavailing.  First, transfer under section 1404(a) does not depend upon the "wish or waiver" of a defendant.  *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (denying transfer despite defendant's willingness to waive jurisdiction and venue objections to transferee forum); *see also Illinois Union Ins. Co. v. Tri Core Inc.*, 191 F.Supp.2d 794, 798 (N.D. Tex. 2002) (Lynn, J.) (quoting  *Hoffman*, 363 U.S. at 344).

---

[5]Moreover, no evidence has been presented, and neither party has argued, that the District Court for the Northern District of California would have *in personam* jurisdiction over Millenium or Nova.

**Memorandum Opinion and Order - Page 7**

Second, the Hynix Defendants have failed to cite any case law on point, and the court is aware of none, supporting the argument that an agreement to arbitrate in a specific venue is sufficient, standing alone, to create personal jurisdiction in that venue.  Accordingly, the court determines that the Northern District of California is not a court where this case might have been brought against Defendants Millenium and Nova.

This determination, however, does not end the court's inquiry.  That the court lacks power to transfer the claims against Millenium and Nova to the Northern District of California does not mean that transfer of the claims against the Hynix Defendants would be improper.  A court has authority to sever claims against a defendant, for purposes of facilitating transfer of claims against the remaining defendants to a more convenient forum, where the severed defendant is only secondarily and peripherally involved in the litigation.  *See Apache Products Co. v. Employers Insurance of Wausau*, 154 F.R.D. 650, 660-61 (S.D. Miss. 1994) (and cases cited therein).[6]  A key element for the court to consider in deciding whether to exercise its authority to sever claims against a defendant is the degree of the severed defendant's involvement in the transaction, as severance should be granted only when the severed defendant is secondarily or peripherally involved in the litigation and "when the administration of justice would be served[.]" *See id.*  In the arena of multi-defendant patent infringement actions, courts have similarly recognized this principle.  *See, e.g., Corry v. CFM Majestic, Inc.*, 16 F.Supp. 2d 660, 664 (E.D. Va. 1998) (and cases cited therein) ("Analysis properly begins with recognition of the principle that when venue or personal jurisdiction in a transferee district is not proper for a defendant who is only indirectly connected to the main

---

[6]Additionally, under Fed. R. Civ. P. 21, "[a]ny claim against any party may be severed and proceeded with separately."

**Memorandum Opinion and Order - Page 8**

claims, the transferor court may sever the claims as to that defendant and transfer the remaining claims to a more convenient forum pursuant to § 1404(a)."); *LG Electronics, Inc. v. Asustek Computers*, 126 F.Supp.2d 414, 421 (E.D. Va. 2000) ("When jurisdiction in a transferee district is not proper for a defendant who is only indirectly connected to the main claims, the transferor court may sever the claims as to that defendant, and transfer the remaining claims to a more convenient district pursuant to 28 U.S.C. § 1404(a)"); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F.Supp. 970, 972 (N.D. Ill. 1973) ("Courts have authorized severance and transfer of claims as to less than all defendants in a multi-defendant suit upon a determination that the defendant as to whom venue is improper in the transferee district is only peripherally related to the litigation.").

In these patent infringement actions, the courts have recognized that "[a] patent infringement claim against a distributor is peripheral to a claim against the manufacturer." *LG Electronics*, 126 F.Supp.2d at 422 (and cases cited therein).  In addition to considering whether the claims against the distributor are peripheral, courts must also consider whether the adjudication of the remaining claims potentially disposes of the severed claims and whether section 1404(a) warrants transfer of the remaining claims. *See Corry*, 16 F.Supp. 2d at 665; *see also LG Electronics*, 126 F.Supp.2d at 421 (same).  In *Siemens Aktiengesellschaft*, for example, a patentee suing an infringer added a claim against an alleged infringer's distributor.  The court severed the claims as to the distributor (against whom suit could not be transferred to the transferee court), in order that the claims against the manufacturer could be transferred under section 1404(a) to a more convenient forum.  370 F.Supp. at 972.  The court determined that a severance was proper as the distributor was only secondarily involved, did not manufacture the alleged infringing device, would only be liable if the main defendant (the manufacturer) was found to be infringing the patent, and where transfer was warranted as to the remaining claims under section 1404(a)).  *Id.*; *see also LG Electronics*, 126

F.Supp.2d at 422 (where patent holder sued foreign manufacturer, its California subsidiary, and a Virginia-based reseller, severing claims against Virginia-based reseller and transferring case against foreign manufacturer and its California-based subsidiary to Northern District of California under section 1404(a)).

As set forth directly below, (1) Toshiba's claims against Millenium and Nova are peripheral to Toshiba's claims of patent infringement against the Hynix Defendants; (2) adjudication of Toshiba's claims against the Hynix Defendants will likely dispose of its claims against Millenium and Nova; and (3) transfer of Toshiba's claims against the Hynix Defendants is warranted under section 1404(a).

## 1.      Peripheral Nature of Claims Against Millenium and Nova

As in the above-cited patent infringement disputes, Toshiba's claims against Millenium and Nova are peripheral to Toshiba's claims against the Hynix Defendants.  As already stated, "[a] patent infringement claim against a distributor is peripheral to a claim against the manufacturer." *LG Electronics,* 126 F.Supp.2d at 422.  The evidence before the court shows that Millenium and Nova had little, if any, involvement in the alleged infringement of the NAND Flash memory devices. Specifically, the evidence shows that neither Nova nor Millenium solicited orders for any of the accused NAND devices in Texas; nor did they design, manufacture, test or sell any of the accused NAND flash memory devices.  *See* Decl. of Ted F. Danhauser in Support of Mot. at 2, ¶¶ 7-8 ("Danhauser Decl."); Decl. of Mike McCarty at 2, ¶¶ 6-7 ("McCarty Decl."); Supp. to McCarty Decl. at 2,  ¶¶ 6-7.  Toshiba has presented no evidence, nor does Toshiba even argue, that either Millenium or Nova solicited orders of the accused NAND Flash memory devices, or had any role in the design, manufacture, testing or selling of the accused devices.  The evidence further shows that neither Mr. Danhauser, the Vice President and owner of Nova, nor Mr. McCarty, President of

**Memorandum Opinion and Order - Page 10**

Millenium, has any information or knowledge about any of the patent issues involved in this case.

Danhauser Decl. at 2, ¶ 8; McCarty Decl. at 2, ¶ 7.[7]

### 2.        Adjudications' Potential Disposal of the Case

Severance is also appropriate in this case since adjudication of the remaining claims against the Hynix Defendants in the transferee court would likely dispose of Toshiba's claims against the severed defendants.  As in *Siemens Aktiengesellschaft*, where the distributor would only be liable if the main defendant, the manufacturer of the accused device, was found to have infringed the patent, in this case Millenium and Nova could only be found liable if Toshiba's patent infringement claims against the Hynix Defendants are resolved in Toshiba's favor.   370 F.Supp. at 972; *see also Corry*, 16 F.Supp. 2d at 665 (in severing the claims against the peripheral distributor defendants, noting that the claims against the severed defendant were likely to be resolved by the disposition of the transferred claims against the manufacturer defendants).

### 3.        Transfer of Remaining Claims under § 1404(a)

The only remaining question in the case is whether Toshiba's claims against the Hynix Defendants should be transferred to the Northern District of California pursuant to section 1404(a).

---

[7]Pointing to the absence of any evidence linking Millenium and Nova to the alleged patent infringement in this case, the Hynix Defendants contend that Toshiba's suit against Millenium and Nova is merely a "transparent attempt to thwart transfer by suing two Hynix distributors in this district who had little or no involvement in the alleged infringement."  Hynix Def. Reply at 1; *see also* Hynix Def. Mot. to Transfer at 2 ("Plaintiff's inclusion of two independent Hynix sales representatives as nominal defendants is a transparent attempt to manufacture a connection between the cases and Texas, where none exists."). Although a review of the evidence indicates that this argument may be correct,  as Millenium and Nova have not filed motions to dismiss, the court need not consider this argument.

The Hynix Defendants seek to have this action transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses in this case, and in the interest of justice.  Specifically, the Hynix Defendants request that this case (and by separate motion, the 2392 action) be transferred to the Northern District of California because:

> Both cases, which involve a Japanese plaintiff suing several out-of-state Hynix entities for patent infringement based on semiconductor products developed and manufactured in other states and countries, exemplify the type of cases envisioned by Congress when it gave transfer powers to the district courts as a means to achieve better administration of justice. [. . .] There is no nexus between these actions and the Northern District of Texas.  The only arguable tie - sales of Hynix products within the district - renders nearly every other jurisdiction in the country just as fitting; if sales were enough to sustain proper venue, then every action between large international companies could be brought in this court.  California - where defendants Hynix Semiconductor of America and Hynix Semiconductor Manufacturing America are incorporated, where defendant Hynix Semiconductor America is also headquartered, where a Toshiba semiconductor subsidiary has offices [. . .] bears a much more substantial relationship to these actions because many of the witnesses and much of the evidence is located there.  Further, Toshiba has already sued Hynix in the Northern District of California, seeking a declaratory judgment of invalidity as to Hynix patents that in many instances relate to the same or similar technology as the patents-in-suit in these Texas actions.

Hynix Defendants' Motion to Transfer at 2. The Hynix Defendants contend that these factors, collectively, warrant a transfer to the Northern District of California.  Toshiba opposes the request for transfer and contends that a transfer is not warranted under § 1404(a) because it is not for the convenience of the parties and witnesses, and not in the interest of justice.  Having closely considered the evidence submitted by the parties, including the pending litigation involving numerous of the same parties and, in many instances, overlapping technology, the court determines that the interest of justice dictates transfer, as "[p]iecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable."  *Minka*, 2003 WL 22939214 at * 5

(citations omitted).  As the court stated in *Minka*, related patent cases should be resolved "in the same forum whenever possible[.]" *Id.*   Indeed, the policy in favor of resolving related patent claims in the same court may support transfer, even if the convenience of the parties and witnesses calls for a different result."  *Id.* (citing 15 Wright, Miller & Cooper, Fed. Prac. & Proc. 2d § 3854 at 439-40 (1986)).  As the California litigations and this case (as well as the 2392 action) involve overlapping issues, similar subject matter and closely related questions, this action should be transferred to the Northern District of California.   Though the court is cognizant of Toshiba's argument that the California and Texas litigations involve different patents that cover different technologies, Toshiba's evidence in support of this argument is weak, as contrasted with the Hynix Defendants' evidence in support of transfer.  *Compare* Decl. of Ronald Yin in Support of Toshiba's Resp. *with* Decl. of Babak Sani in Support of Hynix Mot. to Transfer Venue at 1, ¶ 3.  Moreover, as stated in *Minka* in rejecting claims similar to Toshiba's, namely that the two litigations covered distinct patents and distinct technologies, "that actions be identical or duplicative is not a prerequisite to transfer.  On the contrary, the court need only determine that 'the two actions involve closely related questions of common subject matter, or that the core issues substantially overlap.'" *Minka*, 2003 WL 22939214 at * 5 n.3 (citations omitted).

In short, as there are pending in the Northern District of California two suits pertaining to similar technology and patents, transfer of this infringement action will "serve the objectives of efficient litigation and substantive justice."  *Id.* (citations omitted).

Additionally, transfer is warranted under the above-cited public and private interest factors. As the Hynix Defendants correctly point out, Toshiba brings this suit outside its home district, and as the vast majority of operative facts, if not all, occurred outside this district, Toshiba's choice of

forum has reduced significance and is given less weight.  *See Minka*, 2003 WL 21251684 at *1; *Whistler*, 2003 WL 22939214 at *2.  Toshiba's arguments to the contrary are rejected.

With regard to relative ease of access to sources of proof, the Hynix Defendants set forth evidence that California is more convenient.  The court accepts this as true, as nothing submitted by Toshiba contradicts this evidence or shows otherwise.

As to the convenience of material witnesses, the availability of compulsory process to secure the attendance of witnesses and the cost of obtaining witnesses, the Hynix Defendants have provided evidence that the vast majority of witnesses who will testify at trial resides or works in California, Japan and Korea, and not Texas.  Although Toshiba is correct that the Hynix Defendants have failed to set forth with particularity the names of these witnesses, Toshiba has failed to convince the court that Texas would be more convenient as to any of the material witnesses.  Moreover, the court concludes that obtaining the presence of the material witnesses from Japan, Korea and California in Texas would be much more inconvenient (and impossible in some instances) and more costly, than in California.

As to sources of proof, once again the Hynix Defendants have submitted adequate evidence that the majority of the sources of proof in this patent infringement action is located in California, Korea, Japan and Oregon, and not Texas.

With regard to the remaining factors, the court determines that they are neutral or inapplicable, and therefore need not be considered.  These factors include consideration of practical problems that make the trial of the case easy, expeditious and inexpensive, administrative difficulties flowing from court congestion, local interest in having local interests decided at home, and

familiarity of the forum with the law that will govern the case and avoidance of unnecessary problems of conflict of laws of the application of foreign law.[8]

Briefly stated, having considered the relevant factors, the Hynix Defendants have met their burden of showing that "the balance of convenience and justice" weighs heavily in favor of transfer. *Whistler*, 2003 WL 22939214 at *7 (citations omitted). Litigation of all issues involving the integrated memory circuit devices and patents related thereto in one place, before one court, would better serve the ends of "efficient litigation and substantial justice." *Id.* Accordingly, the court grants the Hynix Defendants' motion to transfer venue to the Northern District of California.

## IV.   Conclusion

In short, severance of Toshiba's claims against Millenium and Nova is warranted, as (1) the claims are peripheral to Toshiba's claims against the Hynix Defendants, (2) the claims against Millenium and Nova are likely to be resolved by the disposition of the claims against the Hynix Defendants and (3) transfer to the Northern District of California is warranted under section 1404(a). In addition, the court determines that in the interest of justice, the severed claims against Millenium and Nova should be stayed pending disposition of the transferred claims against the Hynix Defendants in the District Court for the Northern District of California. *See Corry*, 660 F.Supp.2d at 666 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254055 (1936)) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket, with economy of time and effort for itself, for counsel, and for the litigants.").

---

[8]The Hynix Defendants list "location of counsel" as one of the factors that the court should consider. As Toshiba correctly argues, this factor is irrelevant and is *not* to be considered at all in determining whether a transfer of venue is appropriate. *In Re Horseshoe Entm't*, 337 F.3d at 434.

**Memorandum Opinion and Order - Page 15**

For the reasons stated herein, the Hynix Defendants have met their burden under 28 U.S.C. § 1404(a) and established that a transfer to the Northern District of California is warranted. Accordingly, the court **grants** the Motion of Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., and Hynix Semiconductor Manufacturing America, Inc. to Transfer this Action to the Northern District of California Pursuant to 28 U.S.C. § 1404(a).  This action as against Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., and Hynix Semiconductor Manufacturing America, Inc. is hereby **transferred** as a separate action to the Northern District of California. Further, the court **severs** Toshiba's claims against Defendant Millenium Sales, Inc. and Defendant Nova Marketing, Ltd. and **retains** those claims in this action.  Finally, the court **stays** this action pending the resolution of Toshiba's claims against the Hynix Defendants in the Northern District of California.   The clerk of court shall effect the transfer in accordance with the usual procedure.

**It is so ordered** this 30th day of September, 2005.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 16**